UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION


FILED
AUG 11 2014
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA, Plaintiff,    Case No. 14-CR-00385 RS (NC)
v.
Dierre Johnson, Defendant.

ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), the court on August 11, 2014, held a detention hearing to determine whether any condition or combination of conditions will reasonably assure the appearance of the defendant Dierre Johnson as required and the safety of any other person and the community. Defendant Johnson was present in Court, represented by his attorney AFPD Jodi Linker. The United States was represented by Assistant U.S. Attorney Wilson Leung. Johnson is charged by indictment with escape from the GeoCare Residential Reentry Center in San Francisco, in violation of 18 U.S.C. § 751(a) and 18 U.S.C. § 4082(a). The defendant is presumed innocent of the charges and has entered a not guilty plea.

The detention hearing was held publicly. Both parties were advised of their opportunity to call witnesses and to present evidence. Both parties were advised of their right to appeal this detention order to the District Court.

**Part I. Presumptions Applicable**
/ / The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and the defendant has been convicted of a prior offense described in 18 U.S.C. § 3142(f)(1) while on release pending trial for a federal, state or local offense, and a period of not more than five (5) years has elapsed since the date of conviction or the release of the person from imprisonment, whichever is later.
This establishes a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community.
/ / There is probable cause based upon the indictment to believe that the defendant has committed an offense
    A.   ___   for which a maximum term of imprisonment of 10 years or more is prescribed in 21 U.S.C. § 801 et seq., § 951 et seq., or § 955a et seq., OR
    B.   ___   under 18 U.S.C. § 924(c): use of a firearm during the commission of a felony.
This establishes a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

/ X /  No presumption applies.

## PART II. REBUTTAL OF PRESUMPTIONS, IF APPLICABLE

/ /  The defendant has not come forward with sufficient evidence to rebut the applicable presumption, and he therefore will be ordered detained.

/ /  The defendant has come forward with evidence to rebut the applicable presumption[s] to wit: .

Thus, the burden of proof shifts back to the United States.

## PART III. PROOF (WHERE PRESUMPTIONS REBUTTED OR INAPPLICABLE) N/A

## PART IV. WRITTEN FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

/ X /  The Court has taken into account the factors set out in 18 U.S.C. § 3142(g) and all of the information submitted at the hearing and finds as follows: As to danger to the community, the government has not met its burden by clear and convincing evidence. As to risk of non-appearance, the Court finds that the proffered (and charged) escape during recent federal custody establishes by more than a preponderance of the evidence that no condition or combination of release conditions can be imposed to assure the defendant's appearances at future court dates. The defendant was detained before trial during his most recent federal criminal case in E.D. California. Furthermore, no sureties or custodians have been identified, and the Court is not persuaded that the defendant's proffered community ties in Stockton outweigh the concerns of non-appearance created by the charged escape.

## Part V. Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate to the extent practicable from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on the request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated:  August 11, 2014

NATHANAEL COUSINS
United States Magistrate Judge

AUSA ___, ATTY _____, PTS ____